IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES FORSYTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-710-C |
| | ) | |
| THE CITY OF WOODWARD, | ) | |
| OKLAHOMA; GARY STANLEY; | ) | |
| WOODWARD COUNTY SHERIFF; | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF WOODWARD | ) | |
| COUNTY; TRAVIS RILEY; | ) | |
| MICHAEL WARD; CHRIS HAND; | ) | |
| JACOB RADKE; and THREE | ) | |
| UNKNOWN LAW OFFICERS, | ) | |
| | ) | |
| Defendants. | | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed his action in state court alleging that the conduct of Defendants had resulted in injury to him. In particular, Plaintiff alleges that while he was in the custody of officers of the Woodward County Sheriff and the City of Woodward, he was left restrained for an unreasonable period of time and subjected to repeated tasering. In his Petition, Plaintiff raised claims for negligence, recklessness, failure to properly train and/or supervise, and a violation of the Constitutions of the State of Oklahoma and the United States.

On July 11, 2013, Defendant Gary Stanley, Woodward County Sheriff, and Board of County Commissioners of Woodward County removed this action to this Court. At

the time of removal, Defendants City of Woodward, Travis Riley, and Jacob Radke had all been served with the state court petition. While the Notice of Removal noted those Defendants' consent to the removal, no formal written notice of consent was included with the removal. Then, on August 13, 2013, Defendants Travis Riley, City of Woodward, Chris Hand, and Jacob Radke each filed formal Notices noting their joinder in the removal.

Plaintiff then filed a Motion to Remand and a Motion to Strike the August 13th Notices of Joinder. In his Motions, Plaintiff argues the Notices of Joinder were untimely and therefore constituted a defect in the removal proceeding which precluded this Court from exercising jurisdiction over the action. Only Defendant Radke responded to Plaintiff's Motion to Strike and no Defendant has responded to the Motion to Remand.[*] In his Response, Defendant Radke agreed that, while all Defendants must consent to removal, any formal notice was unnecessary as he and the other Defendants had previously unambiguously consented to the removal, as evidenced in the Notice of Removal.

---

[*] Defendants' failure to respond is particularly troubling given they bear the burden of established removal was proper. See Miller v. Stauffer Chem. Co., 527 F.Supp. 775, 777 (D. Kan. 1981) ("[W]hen the propriety of removal is called into question, the party who removed has the burden to prove any controverted material issue to show that removal was proper.").

The Tenth Circuit has repeatedly held that "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). Thus, the Court is obligated to closely examine the removal process and if there are flaws in the procedure, remand is necessary. It is clear from the Notice of Removal that Plaintiff raises issues which originally could have been properly filed in this Court. Thus, the issue, if any, is whether the timing of the non-removing Defendants' joinder in the removal is a defect that requires remand.

The Court's analysis begins with 28 U.S.C. § 1446(b)(2)(A), which states: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." The Notice of Removal states that the action is removed pursuant to § 1441(a); thus, all Defendants who had been served were required to join in the removal. As noted above, Defendant City of Woodward, Travis Riley, and Jacob Radke had been properly served prior to filing the Notice of Removal. However, these Defendants did not formally join in the Notice by filing written consent. As set forth in Charles Alan Wright, et al., Federal Practice and Procedure § 3730 (4th ed.), "As the numerous case citations in the note [n. 11] below indicate, courts at all levels of the federal judiciary require written consent by all of the defendants, either in the notice of removal or in other papers filed with the district court." Thus, the mere statement by the removing attorney that the other

Defendants consented was insufficient. See Vasquez v. Americano U.S.A., LLC, 536 F.Supp.2d 1253, 1258 (D.N.M. 2008):

> It is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal. McShares[, Inc., v. Barry], 979 F.Supp. [1338] at 1342-43 [(D. Kan. 1997)] (citing Landman v. Borough of Bristol, 896 F.Supp. 406, 408-09 (E.D. Pa. 1995)); see Spillers v. Tillman, 959 F.Supp. 364, 369 (S.D. Miss. 1997) (noting the majority view that "'mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder.'") (quoting Production Stamping Corp. v. Maryland Casualty Co., 829 F.Supp. 1074, 1076 (E.D. Wis. 1993)). "One defendant's attempt to speak on behalf of another defendant will not suffice." Landman, 896 F.Supp. at 409 (citations omitted).

The non-joining Defendants could properly have consented to removal only by filing a written notice of joinder. As noted above, Defendants Travis Riley, City of Woodward, Chris Hand, and Jacob Radke filed a written notice of consent. However, those consents filed on August 13, 2013, were untimely as they were filed more than 30 days after the filing of the Notice of Removal and more than 30 days after those Defendants were served with summons. See McShares, 979 F.Supp. at 1342 ("Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period."). Because Defendants Travis Riley, City of Woodward, Chris Hand, and Jacob Radke joined too late, not all served Defendants joined in the removal and it is therefore procedurally defective. "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which

requires that the district court remand the case." <u>Brady v. Lovelace Health Plan</u>, 504 F.Supp.2d 1170, 1172-73 (D.N.M. 2007).

For the reasons set forth herein, Plaintiff's Motion for Remand (Dkt. No. 13) is GRANTED. Plaintiff's Motion to Strike Defendants Jacob Radke, City of Woodward and Travis Riley's Notices of Joinder of Removal (Dkt. No. 17) is GRANTED. Defendants City of Woodward and Riley's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 11) is STRICKEN AS MOOT. The Clerk of Court is directed to take the necessary steps to return this matter to the District Court for Woodward County.

IT IS SO ORDERED this 16th day of September, 2013.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge